■ VINYL SPECIALTY MANUFACTURING COMPANY, Appellant, v A & S ELECTRONIC DIE CORPORATION, Respondent.—Judgment, Supreme Court, New York County, entered June 16, 1978, dismissing the complaint, is unanimously reversed, on the law and the facts, and in the exercise of discretion, and a new trial ordered, without costs or disbursements to either party. Appeal from order, Supreme Court, New York County, entered August 8, 1978, denying the motion to set aside decision dismissing the complaint after trial, or for a new trial, is unanimously dismissed, without costs, as academic in view of the reversal of the judgment. In this action by a Kentucky corporation against a New York corporation on a Kentucky judgment, Trial Term, after a nonjury trial, dismissed the complaint on the ground that there was no evidentiary hearing as to damages on default as required by Kentucky law. In our view, this would not be a ground for denying full faith and credit to the Kentucky judgment. However, there is a serious question as to whether the Kentucky court had jurisdiction of the defendant. Jurisdiction in the Kentucky court was premised on subdivision (2) of section 271.610 of the Kentucky Revised Statutes which authorizes service on foreign corporations doing business in the State upon service on the Secretary of State. The complaint in the Kentucky action and the judgment in the Kentucky action both explicitly recite this statute as the basis for jurisdiction. At Trial Term in the Supreme Court and before us this was the statute relied upon by both sides. After the case was submitted to this court, independent research by this court disclosed that the statute relied upon, subdivision (2) of section 271.610 of the Kentucky Revised Statutes had been repealed, effective some months before the commencement of the action in Kentucky. The court thereupon called this fact to the attention of counsel and called for supplemental briefs, which have now been received and considered. (Neither counsel seems to consider citation to the court of a repealed statute, with no disclosure of the fact of such a repeal, to be sufficiently unusual to require apology or explanation.) We do not think we can indulge any presumption of regularity with respect to the Kentucky judgment in view of the fact that on its face it recites that the defendant was "duly summoned pursuant to" a repealed statute. Plaintiff now contends that under Kentucky's long-arm statute (Kentucky Revised Statutes, § 454.210), the Kentucky court had jurisdiction to render the judgment even though the Kentucky court and plaintiff there thought they were acting under a different statute. It is clear that the case in the Supreme Court was tried on the assumption that the repealed statute was applicable and complied with, and neither party addressed itself to the question of whether a viable statute applied and had been complied with. Rather than affirm the dismissal on the ground that plaintiff has failed to show compliance with Kentucky's long-arm statute, we think judicial econ-

omy will be better served by remanding the matter to the Trial Term for a trial at which the parties can attempt to show whether the Kentucky judgment should be recognized by the New York court, in the light of what we hope will be an accurate citation to the Trial Term of the statutes in force at the relevant times and a showing of the relevant facts under such statutes. Concur—Fein, J. P., Sandler, Bloom, Lane and Silverman, JJ.